A summary judgment was entered in the Superior Court, Law Division, Hudson County, on March 21, 1949, which struck the defendants' answer and counterclaim and awarded judgment to the plaintiff upon its complaint and upon defendants' counterclaim. The defendants appeal.
A replevin action was instituted by plaintiff to recover possession of certain copper wire alleged to be the property of the plaintiff, wrongfully taken by one Lemanski, an employee of plaintiff, wrongfully delivered by Lemanski to defendants, and wrongfully and unlawfully detained by the defendants. The answer denied the allegations of the complaint; set up as a defense that plaintiff had received payment for the copper wire from Lemanski; and, further, that Lemanski, as agent of the plaintiff, was authorized to sell the copper wire to the defendants. The counterclaim alleged the sale to defendants of the thirty-three bundles of copper wire, weighing 1,650 pounds, by Lemanski, the employee of plaintiff, who represented that he was authorized to make sales on behalf of plaintiff; that defendants relied upon Lemanski's representation and received and paid for the copper wire; and demanded the return of the wire replevied, or in case the wire cannot be returned, then $1,029.50, the value thereof, and damages for the detention. Plaintiff's reply joined issue on the answer, and the answer to the counterclaim denied its allegations. The plaintiff then moved for summary judgment in favor of the plaintiff upon its demands set forth in the complaint and upon defendants' counterclaim. Affidavits were filed by the plaintiff and by the defendants.
The plaintiff's affidavits show that plaintiff's employee, Lemanski, stole a large quantity of copper wire from the plaintiff; that he sold and delivered thirty-three bundles of this stolen copper wire to the defendants; and that he had no authority at any time to sell any property of the plaintiff or to make any delivery of this copper wire to the defendants. The plaintiff never received any moneys from Lemanski in reimbursement of the loss arising out of the theft of the *Page 200 
copper wire, and no promise or undertaking from Lemanski or any other person to pay any money in reimbursement thereof. Including the thirty-three bundles of copper wire replevied in this action from defendants, the plaintiff recovered all of the stolen wire, excepting 1,911 pounds having a value of $554.19. Lemanski pleaded guilty to the theft and was ordered to pay a fine of $100, and an additional amount of $537 at the rate of $7 a week, which sum of $537 is to be turned over by the probation officer of Hudson County to the plaintiff to reimburse it. None of these facts are controverted by the defendants.
The plaintiff's affidavit states that the $537 restitution order in the criminal proceeding was made for the 1.911 pounds of copper wire stolen but not recovered. The defendants' affidavit states that the payments made and to be made by Lemanski to the probation officer under the restitution order are solely for bundles of copper delivered to the defendants.
The property replevied was the property of plaintiff and it is admitted that the plaintiff never received any money or any promise or undertaking from anyone to pay for the copper delivered to defendants. It is therefore immaterial in this case whether or not the order of restitution in the criminal proceeding included reimbursement to the plaintiff for the copper wire delivered to the defendants.
The pleadings and affidavits show palpably that there was no genuine issue as to any material fact and that the plaintiff was entitled to its judgment as a matter of law.
The judgment under appeal is affirmed. *Page 201